**Tiffany CIPOLLA, Appellant,**

**v.**

**Robert P. WEST, D.D.S., Respondent.**

**No. WD 45966.**

Missouri Court of Appeals,
Western District.

Nov. 3, 1992.

Motion For Rehearing and/or Transfer to
Supreme Court Denied
Dec. 22, 1992.

Application to Transfer Denied
Jan. 26, 1993.

**474**

George E. Kapke, Cochran, Kapke, Willerth & Overman, Independence, for appellant.

Richard T. Merker, Bradley S. Russell, Wallace, Saunders, Austin, Brown and Enoch, Kansas City, for respondent.

Before FENNER, P.J., and TURNAGE and KENNEDY, JJ.

TURNAGE, Judge.

Tiffany Cipolla filed suit against Dr. Robert P. West, an orthodontist, for malpractice. Counsel for Cipolla took the deposition of Dr. Edward Pavlik who was designated as the expert who would testify on behalf of Cipolla. After the deposition of Dr. Pavlik was filed, West filed a motion for summary judgment contending that Dr. Pavlik did not testify to any act of negligence on the part of West. The court granted summary judgment and Cipolla contends the deposition of Dr. Pavlik does contain evidence of negligence. Reversed and remanded.

Cipolla consulted West in 1981 relative to her dental care. In 1984, West found that Cipolla had an impacted upper right cuspid. It was found that the tooth was in the appropriate place but was not moving down as it should.

West placed Cipolla in braces and referred her to an oral surgeon who exposed the cuspid so that an appliance could be attached to the tooth with which to pull it down. West failed to enlarge the space into which the cuspid should go. Over the next three years West adjusted the appliance which he placed in Cipolla's mouth but the cuspid did not erupt. In fact, Cipolla's upper dental arch became skewed to the right or center of her mouth.

Cipolla consulted Dr. Ackerman of the University of Missouri at Kansas City School of Dentistry for a second opinion on her dental problem. Dr. Ackerman recommended that the opening into which the impacted cuspid should go should be expanded and to pull the cuspid into place if necessary. Cipolla went to another orthodontist who realigned Cipolla's upper dental arch. The space into which the cuspid was to fit was expanded and the cuspid was pulled into place and rotated into proper alignment.

Cipolla identified her expert who would testify in her behalf as Dr. Edward Pavlik. Dr. Pavlik's deposition was taken and in the course of that deposition the following occurred:

Q. And every one of the things that Dr. West did personally for this young lady were appropriate for the treatment of this condition; isn't that true?

A. Yes. The only thing—yes. Yes.

Q. And everything that Dr. West suggested to be done by someone else like an oral surgeon was appropriate care and treatment for this lady's condition, wasn't it?

A. Yes.

Q. Then where do we criticize Dr. West? How can he be criticized if he did everything that was appropriate and he suggested everything that was appropriate but the result was not satisfactory to Ms. Cipolla?

A. He didn't do enough.

Q. What was it that you believe Dr. West should have done faced with the Tiffany Cipolla case that he did not do?

A. Again, I can only go back to what I suggested was my understanding of routine care of an impacted cuspid, opening the space initially. I don't know that this was done.

\*     \*     \*     \*     \*     \*

Q. How long should it take to open that space?

A. Three to four months.

Q. Would a doctor applying proper techniques, an orthodontist applying proper techniques, require in excess of four years to open that space?

A. I wouldn't think so.

West filed a motion for summary judgment alleging that Dr. Pavlik did not testify that West had deviated from the appropriate standard of care in placing Cipolla in retainers and that he could not identify any specific act or omission on the part of West which fell below the standard of care for

dentists. West also contended that Dr. Pavlik stated that every treatment given Cipolla was deemed appropriate by Dr. Pavlik. West further contended that Dr. Pavlik relied on a standard of care based on whether or not West achieved the result which Cipolla desired rather than the correct standard of care.

Although Dr. Pavlik did not state his opinion as clearly as he might have, a reading of his deposition reveals that his opinion was that West was negligent in his treatment because he failed initially to widen the space into which the cuspid was to go. Dr. Pavlik stated on several occasions that the very first thing West should have done was to widen the space so that the cuspid would have sufficient room to erupt. He stated that if West had taken the first step required in the treatment of an impacted cuspid to widen the space to accommodate the tooth that in 50 to 60 percent of the cases the tooth would erupt on its own and it would be unnecessary to utilize appliances to pull the tooth into place. As shown by the testimony of Dr. Pavlik set out above, he was of the opinion that the things that West did was appropriate, however he said West did not do enough. The thing West failed to do was to widen the space into which the cuspid was to fit before any other steps were taken.

From the deposition of Dr. Pavlik it is apparent that there is a genuine issue of material fact in whether or not West was negligent in failing to first widen the space beneath the cuspid so that the tooth would have room in which to erupt. In view of this genuine issue of material fact, there may not be a disposition by summary judgment. *International Minerals & Chem. Corp. v. Avon Prod. Inc.*, 817 S.W.2d 903, 906–07[3] (Mo. banc 1991).

The judgment is reversed and this cause is remanded for further proceedings.

All concur.